UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOHANNES; 689879,
Individually, and on behalf of all
other similarly situated prisoners,

        Plaintiffs,

vs.

DANIEL H. HEYNS, Director of the
Michigan Department of Corrections
(MDOC), and DR. DALTON
SANDERS, sued in their official
and individual capacities,

        Defendants.

_____/

| | |
|---|---|
| DANIEL E. MANVILLE (P39731)<br>Michigan State University College of Law<br>Director, Civil Rights Clinic<br>610 Abbott Road<br>East Lansing, Michigan 48823<br>(517) 336-8088, Ext 1137 | ROBERT GITTLEMAN (P14025)<br>TRACIE GITTLEMAN (P45176)<br>Law Office of Robert Gittleman, PLC<br>31731 Northwestern Hwy, Ste. 101E<br>Farmington Hills, Michigan  48334<br>(248) 737-3600 |

_____/

## COMPLAINT SEEKING CLASS CERTIFICATION AND FOR DECLARATORY AND INJUNCTIVE RELIEF

### Parties

1.    Plaintiff, ROBERT JOHANNES, 689879, at all times relevant is/was a prisoner of the Michigan Department of Corrections, and is a resident of the State of Michigan.

2.    Defendant, DANIEL H. HEYNS, is/was at all times relevant Director of the Michigan Department of Corrections (MDOC). He is being sued in his individual and official capacities. He is responsible for the overall operation of the MDOC. He is directly responsible

for designating the is there a medical and/or dental director, and the consequences that plaintiffs and the proposed class members have suffered, and will suffer, as a result of the failures enumerated below.

3. Defendant Dr. DALTON SANDERS is the general dentist in charge of the dental care for the plaintiff representative at all material times herein and is an independent contractor and/or employee, agent and/or designated representative of the Michigan Department of Corrections (MDOC).

## Exhaustion of Administrative Remedies

4. Plaintiff, Robert Johannes, has filed grievances for denial of timely dental care, and has appealed all determinations to his final and last determination, thereby exhausting all administrative remedies.

## Jurisdiction

5. This Court has jurisdiction over this case pursuant to 42 U.S.C. Sec. 1331 and 1343; 28 U.S.C. Sec. 2201 and 2202; and Federal Rules of Civil Procedure 57 and 65. This action is brought pursuant to 42 U.S. Sec. 1983 and 1988.

6. The Michigan Department of Corrections is a recipient of Federal financial assistance for operation of its prisons.

## Class Allegations

7. Plaintiff intends to proceed, pursuant to Fed.R.Civ.P. 23, on behalf of all other persons similarly situated in obtaining an injunction against Defendant Director Daniel H. Heyns of the MDOC as to present policies and/or practices of denying dental care, including failure to ensure timeliness and completed required dental treatment to maintain proper occlusion, ability

to masticate food and eat, prevent general health problems from malnutrition, prevent loss of teeth, prevent periodontal disease, prevent loss of multiple teeth destroying healthy dentition, provide timely competent restorative treatment, maintain timely prophylaxes schedules to maintain healthy oral cavity health, prevent unnecessary teeth loss by timely restorative and periodontal treatment, prevent pathologic changes in the jaw joints by timely competent general restorative dentistry.

8. The proposed class is composed of all past, present and future prisoners who have been members who have required/require, and/or will require appropriate dental care, including as stated *infra*, to permit the prisoner to chew/masticate food and maintain a minimum safe dentition with proper occlusion, in violation of the Eighth Amendment, who are not treated pursuant to MDOC's required policies and/or practices or as required under the United States Constitution and Federal and State of Michigan laws.

9. The proposed class of persons similarly situated to the named plaintiff is so numerous, it is impractical to list or bring all members before the court. On information and belief, there are thousands of prisoners of the MDOC who are class members similarly situated to the named plaintiff, Robert Johannes.

10. The named plaintiff and their counsel will fully and adequately represent the interests of all the members of the proposed class.

11. The nature of the rights sought to be enforced for the proposed class are typical of all of the members of the proposed class, because there are common questions of law and fact that predominate over questions affecting only members, and where common relief is sought.

12. The maintenance of the instant action as a class action will be superior to individual litigation by promoting convenient and efficient administration of justice.

### Factual Allegations

13. The following is the dental treatments provided to Plaintiff, which are the factual basis for the legal claims in this lawsuit: On or about May 6, 2009, defendant Sanders examined Plaintiff's tooth #31 and determined there was no restoration of the tooth; on or about August 25, 2009 tooth #12 was examined and rescheduled for more time; on or about September 9, 2009 a temporary filling on tooth #12 was placed and the filling fell out on September 12, 2009; on or about September 14, 2009 an Amalgam restoration was performed on tooth #12, and tooth #12 broke off while tightening the metal band and then tooth #12 fell out on or about December 14, 2009; on or about October 6, 2009 defendant, Sanders examined #31 and determined more time is needed; on or about November 23, 2009 an x-ray and defendant examined tooth #27, 28 and 31 and determined more time is needed; on or about December 4, 2009, defendant, Sanders examined plaintiff and did not do any procedures; on or about December 7, 2009, defendant, Sanders extracted tooth #28 and tooth #31; on or about March 1, 2010, defendant, Sanders extracted tooth #12; on or about April 19, 2010 a temporary filling was placed on tooth #15 by defendant, Sanders; on or about June 16, 2010, defendant, Sanders consulted but did not perform any treatment; on or about July 22, 2010, defendant, Sanders consulted regarding tooth #13 and 14 treatment was no work was done; on or about July 26, 2010, defendant, Sanders placed a permanent filling in tooth #15; on or about October 6, 2010, defendant, Sanders made a treatment plan which has not been followed through; on or about December 10, 2009, defendant, Sanders examined plaintiff and found advanced periodontal disease, and extracted tooth #13; on

or about August 23, 2011, plaintiff, requested fillings and partial; on or about April 24, 2012, plaintiff requested his teeth be cleaned; on or about January 31, 2013, plaintiff complained of pain in his tooth that broke; on or about February 11, 2013, defendant Sanders examined plaintiff, diagnosed broken tooth and pain when eating, and a periapical abscess and scheduled plaintiff for tooth extraction; on or about March 1, 2013, defendant, Sanders diagnosed un-restorable caries, un-restorable fracture and extracted tooth #19; on or about March 5, 2013, defendant, Sanders consulted for treatment with plaintiff; on or about March 27, 2013, plaintiff request exam and teeth cleaning; on or about June 17, 2013, plaintiff requested to have partial and bridges.

14. Plaintiff, during his entire treatment with defendant Sanders, has continually requested through verbal requests to defendant, Sanders, Mary Baker, and/or Sheryl Bild, who are agents of Defendants Sanders and Heyns, for partial bridges and/or dentures due to his loss of teeth and inability to eat hard foods or chew hard foods. Defendant Sanders had knowledge of loss of plaintiff's teeth due to periodontal disease and/or extractions and/or other reasons; and knew the missing teeth required replacement by bridges and/or dentures, but failed to do any replacement of natural lost teeth at any time and/or failed to do so timely by providing dentures and/or bridges.

15. Plaintiff has been incarcerated since 2008 and from his date of incarceration up to present day, plaintiff has had teeth extracted while being incarcerated, lost several teeth, and thus, requires dentures/partials so that he is able to eat hard foods and chew hard foods, but defendants have failed to fashion any bridges and/or dentures for plaintiff.

16. From 2009 through 2013, plaintiff, and his similarly situated class members, have suffered numerous unnecessary teeth extractions and currently, do not have a viable dentition to support eating and/or chewing, including inability to eat hard and/or chewy foods. Plaintiff has filed numerous Kites complaining about the inability to eat, because he has had numerous teeth extractions and requested dentures or some restorative device so that he can eat food. Defendants have failed to and/or timely failed to supply, fashion, make or otherwise provide any dental device, including dentures, partial dentures, and/or bridges, so plaintiff, and his similarly situated class members, can engage in the normal activity of eating.

17. Plaintiff, and his similarly situated class members, have suffered deliberate indifference to their continual serious dental needs, by defendants failing to provide at all, and/or timely providing dentures, partial dentures, and/or bridge(s), i.e., restorations being made, fashioned and delivered to the patient-prisoner, including plaintiff, and his class representatives, thereby seriously inhibiting the ability to eat and chew chewy and/or hard foods, inability and/or loss of ability to masticate, causing pain and suffering, debilitated general health, deterioration of the teeth and inability to engage in normal life activities, including chewing, eating, swallowing, unnecessary loss of bone, cosmetic deformities, facial deformities, loss of weight, deficiencies to general health, including nutrition deficiencies from inability to eat and chew.

18. Plaintiff, and his similarly situated class members, have suffered deliberate indifference to their serious dental needs by defendants' serial failure to provide timely and/or no restorations, nor extractions of painful decayed teeth, and /or the making of dentures, partial dentures or bridges for patients lacking teeth to allow eating properly, which are serious life needs.

19. Plaintiff, and his similarly situated class members, have suffered deliberate indifference to their serious dental needs by defendants failing to provide and/or timely provide replacement teeth in the form of bridges and/or dentures where defendants knew or should have known teeth were pulled, lost due to periodontal disease, loss due to other reasons, extracted, and/or fell out; and by failing to provide bridges and/or dentures, thereby worsening the plaintiff's and similarly situated class members, dental condition and health by denying the ability to eat, chew hard foods, causing inability to engage in normal life activities, including chewing, eating, swallowing, loss of bone, cosmetic deformities, facial deformities, loss of weight, deficiencies to general health, nutrition deficiencies due to inability to eat and chew.

20. Plaintiff, and his similarly situated class members, have suffered deliberate indifference to their serious dental pathologies, by defendants failing to provide reasonable, and reasonably prompt dental treatment for the pathological conditions, including paragraphs 9, 13 14, 15 and 18; and, failing to provide remedial or follow-up care, including but not limited to preventing teeth loss, providing dentures/partial dentures/bridges/restorations/ periodontal treatment to provide for proper eating and mastication.

21. Due to prison policy and practice, plaintiff, and his similarly situated class members, are deprived of the ability to eat, eat normally, forced to eat only soft foods, inability to eat hard and/or chewy foods, causing inability to engage in normal life activities as stated in the above and below paragraphs, including chewing, eating, swallowing, loss of bone, cosmetic deformities, facial deformities, loss of weight, deficiencies to general health, nutrition deficiencies due to inability to eat and chew.

22.     Plaintiff, and his similarly situated class members, have suffered deliberate indifference to their serious dental needs, by defendants causing plaintiff, and his class members, to the present time to suffer with few teeth and/or no teeth or untreated pathological teeth or gums, because defendants failed to provide remedial dental care or deliver, fashion, make dentures, partial dentures, bridges, and/or restorations or periodontal treatment to enable the plaintiff and his class members to maintain reasonable general health, eat, chew hard and/or chewy foods, and bite into foods.

23.     Plaintiff, and his similarly situated class members have been subjected to continuing violations of their constitutional rights.

## EIGHTH AMENDMENT VIOLATION

24.     Plaintiffs reallege and incorporate by reference all prior paragraphs.

25.     Dental needs/health are serious medical necessities, because dental care is one of the most important needs of inmates to preserve/maintain general health, including the ability to eat and chew foods, and the ability to engage in a normal activity of eating, necessary for maintaining nutritional health, physical health, dental health; normal eating/chewing is a basic bodily function to sustain life.  Deprivation of the ability to eat/chew constitutes cruel and unusual punishment.

25.     Deliberate indifference to serious dental needs is unconstitutional and constitutes cruel and unusual punishment, thereby violating the Eighth Amendment of the United States Constitution.

## Relief

WHEREFORE, for the reasons stated, this Court should:

A. Accept jurisdiction of this matter;

B. Certify this matter as a class action;

C. Declare that the rights of plaintiff and class members were violated by the actions or non-actions of the defendants;

D. Issue an injunction against defendants to require the providing of the dental care that does not violate the Eighth Amendment;

E. Require defendants to comply with all necessary orders determined by this Court

F. To award attorney's fees and costs; and

G. To grant any other relief determined to be just and equitable.

DATED this 28th day of March, 2014.

Respectfully submitted, by:

Attorneys for Plaintiffs

Robert Gittleman, (P 14025)
Tracie R. Gittleman, (P 45176)
ROBERT GITTLEMAN LAW FIRM, PLC
31731 Northwestern Hwy., Ste. 101E
Farmington Hills, Michigan 48334
(248) 737-3600

Daniel Manville w/consent
Daniel Manville (P39731)
Michigan State University College of Law
Director, Civil Rights Clinic
610 Abbott Road
East Lansing, Michigan 48823
(517) 336-8088, Ext 1137
daniel.manville@law.msu.edu