UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOHANNES

       Plaintiff,                  CIVIL ACTION NO. 14-CV-11691

  vs.                             DISTRICT JUDGE LAURIE J. MICHELSON

                                 MAGISTRATE JUDGE MONA K. MAJZOUB

DANIEL H. HEYNS, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL [19] AND GRANTING PLAINTIFF'S MOTION TO AMEND [32]**

     Plaintiff Robert Johannes, currently a prisoner at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, filed this action on his own behalf and on the behalf of similarly situated individuals under 42 U.S.C. §§ 1983 and 1988 against Defendants Daniel Heyns, Director of the Michigan Department of Corrections, and Dalton Sanders, the general dentist in charge of Plaintiff's dental care, alleging deliberate indifference to Plaintiff's dental care needs in violation of the Eighth Amendment. (Docket no. 1.) Before the Court are Plaintiff's Motion to Compel (docket no. 19) and Plaintiff's Motion to Amend (docket no. 32). Plaintiff filed his Proposed First Amended Complaint along with his Motion. (Docket no. 33.) Defendants filed Responses to each of Plaintiff's Motions. (Docket nos. 21 and 34.) Plaintiff filed Replies. (Docket nos. 26 and 35.) The Parties filed a Joint Statement of Resolved and Unresolved Issues related to Plaintiff's Motion to Compel. (Docket no. 30.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 15.) The Court dispenses with oral argument pursuant to E.D. Mich. LR

1

7.1(e). The Motions are now ready for ruling.

## I. Governing Law

### A. Motion to Amend

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id*. (citation omitted). And a court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Motion to Compel

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the

motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust . Fed.R.Civ.P. 37(A)(5)(a).

## II. Background

Through his Complaint, Plaintiff claims, on behalf of himself and others, that MDOC policy with regard to dental care violates the prisoners' rights under the Eighth Amendment. (*See* docket no. 1.) He alleges that this policy results in the unnecessary extraction of teeth, a failure to restore teeth or provide dentures, unnecessary pain and physical hardship, and ultimately, the inability to chew food and eat properly. (*See id.*) Plaintiff asserts facts supporting his own claim, but his Complaint also includes a section related to "Class Allegations," in which he notes that he "intends to proceed, pursuant to Fed. R. Civ. P. 23, on behalf of all other persons similarly situated." (*Id.* ¶7.) Plaintiff defines his proposed class as "all past, present and future prisoners who have been members who have required/require, and/or will require appropriate dental care, including [specific criteria related to Plaintiff's claims]." (*Id.* ¶8.)

In July 2014, Plaintiff served Defendants with discovery requests "seeking materials related to the numerosity requirements of Rule 23 and general discovery." (Docket no. 19 at 2.) Plaintiff's Document Request No. 1 seeks the "waiting list at each prison relating to the providing of any type of dental care."[1] (*Id.*) Defendants responded to this request by objecting as follows:

> This request is overly broad and not likely to lead to relevant information. At this time, this lawsuit has not been certified as a class action. Therefore, this lawsuit involves one Plaintiff and alleges that Defendants in this matter were

---

[1] While Plaintiff's Motion to Compel initially related to several discovery requests, through their Joint Statement, the Parties have narrowed the scope of Plaintiff's Motion to only Plaintiff's Document Request No. 1. (*See* docket no. 30.) The Court acknowledges that with regard to several of the resolved issues, the Parties have reserved their right to resubmit their requests or objections if necessary.

>  deliberately indifferent to his medical or dental treatment. Therefore a copy of an alleged waiting (appointment) list at each prison, when Plaintiff alleges in his complaint that the alleged injury (delay in getting his preferred treatment) he sustained took place at one prison (ARF) would lead to documents not likely to lead to information relevant to assist Plaintiff in proving the claims against the Defendants in this case.

(Docket no. 19-3 at 2.)

After filing his Complaint, and while conducting discovery, Plaintiff's counsel "received over 200 letters from other inmates" describing their allegations related to the MDOC's dental care policies. (Docket no. 32 ¶12.) Plaintiff's counsel selected some of these individuals as proposed class representatives and filed Plaintiff's Motion to Amend and Proposed First Amended Complaint on October 27, 2014. (Docket nos. 32 and 33.) Plaintiff's Proposed First Amended Complaint sets forth the factual allegations of five additional plaintiffs, each of whom are proposed class representatives. (*See* docket no. 33.) Defendants assert that Plaintiff's Motion should be denied as futile because joinder is improper under Fed. R. Civ. P. 20(a) where the six Plaintiffs' claims are factually unrelated.[2] (Docket no. 34.)

**III. Analysis**

Plaintiff's instant Motions are intertwined as they both turn on Plaintiff's intent to ultimately move for class certification. Through his discovery request, Plaintiff seeks to determine the number of potential class members represented in this matter. (*See* docket no. 19 at 3-4.) As Plaintiff notes, before he can seek class certification and satisfy the numerosity requirements of Fed. R. Civ. P. 23, he must at least attempt to ascertain the number of putative class members. (*Id.* (citing *O'Neil v.*

---

[2]Defendants also argue that the Court should deny Plaintiff's request for class certification. (Docket no. 34 at 12.) While Plaintiff's intention to move for class certification is squarely at issue in the instant Motions, the request itself is not currently before the Court.

*Appel*, 165 F.R.D. 479, 489-90 (W.D. Mich. 1996)). In response to his Motion to Compel, Defendants argue that Plaintiff is the only individual included in his Complaint; therefore, his request is improper. (Docket no. 21.) But when Plaintiff attempts to amend his Complaint and add additional class representatives so that he can properly obtain discovery, Defendants assert that such joinder is improper because the proposed Plaintiffs have no factual commonality. Therefore, if the Court were to agree with Defendants and deny Plaintiff's Motion to Amend, the practical effect of such a decision would be to deny Plaintiff's yet-to-be-filed motion for class certification. Further, this would require the Court to deny Plaintiff's Motion to Compel. Reaching such a conclusion before Plaintiff has moved to certify the class and, indeed, before pre-certification discovery has concluded, would not be in the interests of justice.

With specific regard to Plaintiff's Motion to Amend, the Court finds no unnecessary delay in Plaintiff's filing. To the contrary, Plaintiff filed his initial Complaint in April 2014 and started discovery immediately following the Parties' scheduling conference in July. And it appears that Plaintiff filed his Motion to Amend as soon as he had enough information to add the claims of the additional proposed class representatives. Moreover, the Court finds that Defendants will suffer no prejudice from the Amendment. While Defendants imply in their Response to Plaintiff's Motion that they were somehow surprised where "Plaintiff's proposed First Amended Complaint added a section containing 'Class Allegations'" (docket no. 34 at 6), Plaintiff's initial Complaint also contained a section entitled "Class Allegations" (docket no. 1 at 2-4). Thus, Plaintiff's intent to certify a class in this matter has been clear from the inception. With regard to futility, the Court will exercise its discretion and decline to engage in such a review. As noted, Defendants' argument turns on whether the Court will ultimately certify Plaintiff's proposed class. If the Court does certify the

proposed class, the additional Plaintiffs would not be improperly joined under Rule 20. If the Court does not certify the proposed class, nothing in this ruling precludes Defendants from moving to sever the Plaintiffs under Fed. R. Civ. P. 21. Therefore, the Court will grant Plaintiff's Motion to Amend.

Having granted Plaintiff's Motion to Amend, the Court will likewise grant Plaintiff's Motion to Compel with regard to his Document Request No. 1. Defendants' sole objection to Request No. 1 is that the information sought is irrelevant because Plaintiff is the only named defendant in this matter and his proposed class has not been certified. As both Parties acknowledge, this Court has previously noted that "'discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation.'" *Kane v. Nat'l Action Fin. Servs., Inc.*, No. 11-11505, 2012 WL 1658643 (E.D. Mich. May 11, 2012) (Majzoub, M.J.) (quoting *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006)). Such is the case here. Defendant argues that the Court should "exercise its discretion and disallow Plaintiff's requested pre-certification discovery" because Plaintiff's discovery requests "have little to do with numerosity" as "given [Plaintiff's] allegation[s] . . . , the numerosity elements appears (sic) not to be an issue. The more relevant issue to Plaintiff's proposed class is whether there is a common question." (Docket no. 21 at 6.) Defendants' argument is unpersuasive. As noted, the Court is not inclined to address the merits of Plaintiff's proposed class certification at this time. And regardless of Defendants' contention that numerosity appears not to be an issue, the Court has not made such a determination. Therefore, Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence on the issue of class certification. To find otherwise would fly squarely in the face of the principles

of pre-certification discovery. The Court will grant Plaintiff's Motion.

Finally, Plaintiff asks the Court to order the payment of fees and costs associated with filing his Motion to Compel under Rule 37. The Court finds that such costs are unwarranted. At the time Plaintiff initially filed his Motion, he had not yet filed his Amended Complaint. Thus, because Plaintiff was the only class representative, Defendants' position that Plaintiff's requests were irrelevant was substantially justified.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [19] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion to Compel a response to Document Request No. 1 is granted. Defendants will provide full and complete responses to Plaintiff's request within 30 days of this Opinion and Order. The Parties have informed the Court that Plaintiff's Motion has been resolved with regard to the remaining issues. Plaintiff's request for costs is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend [32] is **GRANTED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: January 29, 2014          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 29, 2015          s/ Lisa C. Bartlett
                                 Case Manager