UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOHANNES, et al.,

       Plaintiffs,

vs.

       Case No. 14-11691-LJM-MKM
       Hon. Laurie J. Michelson

HEDI WASHINGTON, et al.,

       Defendants

_____/

**MOTION FOR GUIDANCE ON OUTSTANDING MOTIONS
AND
BRIEF IN SUPPORT**

Plaintiffs filed *Objections* (R.141) to the *Report and Recommendation* (R.132, hereafter Report) on the grounds that the PLRA does not contain procedural requirements as to how a prisoner is to exhaust a grievance process, and as a result, the grievances submitted by the plaintiffs establish that they completed the exhaustion process. The recommendation for dismissal in the Report is contrary to *Jones v. Bock*, 549 U.S. 199 (2007), where the Supreme Court held, "[t]he PLRA requires exhaustion of 'such administrative remedies as are available,' 42 U.S.C. § 1997e(a), but nothing in the statute imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's judicially created rule." *Id*. at 217-8.

If the Report is overruled, Plaintiffs are seeking guidance from this Court as to the motions that are or have been pending before the Magistrate Judge, some for over six months, and also because the Report never addressed Defendants' request for dismissal based on a failure to state a claim by the Plaintiffs (R.116, Pg ID 2308-36). If the discovery motions and the failure to state a claim are remanded, Plaintiffs is concern that it will take months before rulings are obtained on these remanded issues. For example, once a recommendation is rendered on the issue of failure to state a claim on remand, one or both of parties will file objections. Assuming Plaintiff's scenario is right, this case could be on stay for 6-months or more.  During any stay, it is Plaintiffs' contention that the proposed Plaintiffs, and the potential class members, will suffer pain, some will likely have restorable teeth extracted, and others will have teeth deteriorate such that they will become un-repairable.

Plaintiffs will discuss some of the outstanding motions, *infra*, and why they are requesting Guidance from this Court so that this litigation can move forward.

**FIRST MOTION.** The Magistrate Judge never ruled on the failure to state a claim issue raised by the Defendants' in their Motion for Summary Judgment (R.116, Pg ID 2308-36). Meanwhile Plaintiffs, and the proposed classes, are subjected to unconstitutional conditions due to the systemic deficiencies in the MDOC dental policy and practices; see discussion in the Declaration of Plaintiffs

2

Jay Shulman (R. 141-2). To save time and to move the case forward, Plaintiffs request that this Court rule on the failure to state a claim issue and find that Plaintiffs have adequately stated a claim.

Or, this Court could dismiss the failure to state a claim based on the granting of Plaintiffs' pending motion for leave to file a second amended complaint (R.140). *See Drake v. City of Detroit*, 266 Fed.Appx. 444, 448 (6th Cir. 2008) (unpublished) (if leave to amend the complaint is granted, the amended complaint would supersede the original complaint and would render a motion to dismiss moot); *Mapal, Inc v Atarsia*, No. 15-CV-12159, -- F.Supp.3d --, 2015 WL 7717185, at *1 (E.D.Mich. November 30, 2015) ("In light of Plaintiff filing an Amended Complaint, Atarsia's August 20, 2015 Motion to Dismiss [#17] is denied as moot."). If this Court took this approach, then upon remand there would be one less issue for the Magistrate Judge to be confronted with.

If this Court decides to address Defendants' claim that Plaintiffs failed to state a claim of deliberate indifference, pursuant to Fed.R.Civ.P. 12(b)(6) such dismissal is only appropriate when it is clear that no relief could be granted under any set of facts to prove Plaintiffs' allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009) (Accepting all well-pleaded allegations in the complaint as true, the Court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."); *Fritz v. Charter Twp.*

*of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) ("For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

All Plaintiffs in the present case have stated Eight Amendment claims as to the pain they suffered through (and are continuing to suffer) as a result of the MDOC dental policy and practices. Under the Eighth Amendment, the Plaintiffs must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Helling v. McKinney,* 509 U.S. 25, 33 (1993) (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim). As a result, this Court should not grant Defendant's Motion for Summary Judgment.

The Report seems to agree that Plaintiffs have stated a claim when it says, "[i]t is clear from the record before the Court that the dental care Plaintiffs received was less than optimal and that each of them may, individually, or as a class, have suffered damages due to either the decisions of the dentists that treated them, the application of the policy directive at issue, or the content of the policy directive on its face." (R.132, Pg ID 3941.) However, since the Report did not make a dispositive ruling on the matter, the District Court should decide this issue and find

rule that Plaintiffs have adequately stated a claim against the Defendants. For a detail discussion supporting Plaintiff's contention that they stated a claim, *see* R.123, Pg ID 3258-75, Amended Response to Defendants' Motion for Summary Judgment.

From 2009 - 2013 Plaintiff Johannes suffered numerous unnecessary tooth extractions. Johannes had his teeth examined several times by defendant Sanders due to pain, but since there was such a long waiting period, Johannes had to have several teeth extracted that could have been saved if he had timely care. After Johannes' teeth were unnecessarily extracted as a result of the MDOC dental policy, he was put on a long waiting list to receive dentures so that he could properly chew and digest food. When Johannes finally did receive dentures, they did not fit properly and they cut into his gums (R. 37 Page ID 370 – 76).

Plaintiff Woroniecki had all of his remaining teeth pulled upon intake at Muskegon Correctional Facility pursuant to Defendant's dental policy. Further, in accordance with the dental policy, Woroniecki was not eligible to even apply for dentures until two years had elapsed from his first day of intake. Plaintiff Woroniecki suffered through not being able to properly digest food for eighteen months before he could even get on a list to receive dentures. When he did finally get his name on the list he was told the "list is not short." In early 2015 Woroniecki had not yet received his dentures (R. 37. Page ID # 377 – 80).

Plaintiff Turner lost his dentures in a shakedown on January 1, 2014. When Turner informed the MDOC staff that his dentures were lost, he was told that since there is no evidence to show that staff lost the dentures, he would need to wait five years to have them replaced, per the MDOC policy. Without a way to properly masticate food, and with such a long waiting period to do so, Turner has suffered, and continues to suffer under the MDOC policy (R. 37. Page ID 380 – 81).

Lastly, Plaintiff Stephenson's upper denture plate split in half in June of 2012. When Stephenson informed the MDOC staff of his dentures being broken and unusable, he was told multiple times that he was on a waiting list. In March of 2013 Stephenson was placed on a soft food diet because he could not chew regular food with his broken dentures. Despite numerous requests by Plaintiff, he did not receive new dentures until June of 2014 - two years after his dental plate split (37 Page ID 382 – 84).

By the time this motion is filed Plaintiffs will have also filed a Motion for Leave to File a Second Amended Complaint, which will name 15 more Plaintiffs who seek injunctive relief from the MDOC dental policy and practices, and will seek to add three more Defendants.  The two Regional Medical Director and the Administrator of the Medical / Dental sections.

All of the pain that the aforementioned Plaintiffs experienced (and are continuing to experience) is a direct result of the dental policy and practices put

into place by then Defendant Heyns, and now Defendant Washington, and carried out by Defendant Sanders. This Court should address the motion for failure to state a claim and rule that Plaintiffs have adequately stated a claim against both defendants.

**SECOND MOTION.** Plaintiffs are seeking a ruling by this Court on their Motion for a Qualified Protective Order so that they can obtain dental documents of the proposed class members (R.55). Defendants refused to consent to entry of a qualified protective order so that dental / medical records relating to potential class members could be obtained, which resulted in a motion being filed on May 27, 2015. The Magistrate Judge has not ruled on this motion. In order for the discovery process to move on, and to obtain needed records from potential class members to show the existence of systemic deficiencies in the dental care system, Plaintiffs request a ruling on this motion.

**THIRD MOTION**. Plaintiffs request a ruling on their Second Motion to Compel, which is based on Defendants refusal to produce any documents created prior to 2015 even though this law suit was filed in April of 2014 and a strict reading of the statute of limitation would allow discovery back to April of 2011 (R.57). Defendants argue that none of the documents created before 2015 are relevant, and therefore refuse to produce. Plaintiffs argue that the requested documents demonstrate the case it is making by showing the MDOC's dental

policy and practices. In order for the case to move on, Plaintiffs request a ruling on this motion. So it can obtain access to documents to establish the dental practice that existed prior to the implementation of the policy directive in October of 2013 that imposed a two-year quarantine.

**FOURTH MOTION**. Defendants filed a Motion to Strike the Experts of the Plaintiffs (R.79) and a Response was filed (R.84). Plaintiffs are requesting that this Court also rules on this motion. Prior to the date the reports of Plaintiffs' experts were due a motion to modify the Case Management Order was filed (R.60).

**FIFTH MOTION**. Plaintiffs' Third Motion to Compel discovery is based on Defendants refusal to produce documents created prior to January of 2015; refused to produce any dental / medical records of non-named plaintiffs; and refusal to produce documents in electronic format (R.96). If the motion for protective order is granted (R.55), Defendants will be required to produce records pertaining to potential class members. Plaintiffs request that this Court rules on this motion.

**SIXTH MOTION**. Plaintiffs' Fourth Motion to Compel discovery is based on Defendants seeking to charge $.25 per page for documents produced in electronic format, even if those documents are transferred from a computer to a disk; refusal to produce any dental / medical records of non-named plaintiffs; refusal to produce discovery based on when it was produced; and refused to

produce based on relevancy (R.106). Defendants' contend that in order to produce documents in electronic format, they first need to print all of the documents out, which is their justification for charging per page and then scan them back into the computer. Printing thousands of pages from an electronic format on a computer to paper and then scan them back into an electronic format (which is presumably where they were before printed) seems illogical and an unnecessary step that is intentionally being employed by Defendant to overwhelm Plaintiff's costs and to delay discovery. Plaintiffs would pay 25 cents per page if Plaintiffs requested hard copies. However, to pay 25 cents per a page for electronically stored documents that is copied onto a disk is both unreasonable and excessive. There is no reason to print documents that are being stored electronically then to scan these documents back into electronic format so that they can be copied on to a disk. Plaintiff requests that this outstanding motion be ruled on.

**SEVENTH MOTION**. Plaintiffs' Sixth Motion to Compel is based on Defendant alleging in discovery response in 2014 that health care request forms submitted by prisoners were not retained, and therefore could not be produced (R.130). However, it was later discovered from the sworn testimonies of two dentists and one dental aide that these documents are in fact retained until the dental services is actually completed, which could be months or years. It is Plaintiffs understanding that Defendants have not preserved these health care

9

request forms. The requested documents are an important part of Plaintiffs' expert showing that systemic deficiencies exist in the dental program of MDOC. Plaintiffs request that the Court resolve this motion (R.130-2, Shulman's Declaration).

This case has been in a state of gridlock as a result of these outstanding motions. To be able to develop this case through an orderly discovery process, Plaintiffs are asking this Court to rule on these motions now so that this case will not be dragged out for another couple of years.

WHEREFORE, for the reasons stated above, Plaintiffs are requesting that this Court grant this motion and decide the outstanding discovery motions.

Respectfully submitted,

/s/ Daniel E. Manville
Daniel E. Manville (P39731)
Director, Civil Rights Clinic
Co-Counsel for Plaintiff

Anne Puluka
Sarah McCormick
Ryan Fowler
Clinical Law Students.

Michigan State University College of Law
610 Abbot Road
East Lansing, MI. 48823
517-913-9690 (office)
517-336-8089 (fax)
daniel.manville@law.msu.edu

**PROOF OF SERVICE**

I, Daniel E. Manville certify, under penalty of perjury, that on February 12, 2016, I caused a copy of the above document to be served by the ECF system on Defendants' counsel.

/s/ Daniel E. Manville
Daniel E. Manville