UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOHANNES, et al

    Plaintiff,

v.                                   Case No 2:14-cv-11691-LLM-MKM

                                            Hon. Laurie L. Michelson

HEIDI WASHINGTON and            Magistrate Judge Mona K. Majzoub
DR. DALTON SANDERS, D.D.S.,

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR IMMEDIATE CONSIDERATION
AS TO
MOTION TO COMPEL PRODUCTION OF
HEALTH CARE REQUESTS FORMS
AND
MOTION TO EXPEDITED DECISION ON PRODUCTION MOTION
AND
BRIEF IN SUPPORT**

    Plaintiffs respectfully request this Honorable Court to grant the above motions for the following reasons.

1.    Plaintiffs sought concurrence in this motion but it was denied.

2.    At April 19, 2016 status conference, there was a discussion of the Health Care Request forms (HCRs). Defendants conceded that Plaintiffs had requested these documents through discovery requests and Defendants had replied that the HCRs were not retained. See R. 130, Plaintiffs' Sixth Motion to Compel

Production of Documents Re: Health Care Request Forms and R. 130-4, Response to Document Request No. 44.

3. After the Clinic had taken the depositions of other dental staff in a different lawsuit than this one, Plaintiffs became aware that the dental offices kept the HCRs if the prisoners were placed on Dental Appointment Lists or were scheduled for dental treatments in the near future.

4. At this Status Conference, Defendants' Counsel Govorchin admitted that approximately the end of June or the first of July of 2015, Defendants' counsel had issued a request to MDOC that all HCRs be preserved, and that MDOC now has copies of all the HCRs from July 1, 2015 to present.[1]

5. However, instead of supplementing the discovery response (Fed.R.Civ.P. 26(e)(1)(A)) where it was denied that HCRs were retained, Defendants failed to supplemental the original denial. *See* R. 130, Plaintiffs' Sixth Motion to Compel Production of Documents Re: Health Care Request Forms and R. 130-4, Response to Document Request No. 44. Defendants took no action to inform Plaintiffs' counsel that the requested HCRs actually existed, MDOC was preserving these, and Defendants will provide a copy of those documents that we have within 30

---

[1] On April 22, 2016, numerous depositions were taken in another dental case that is pending before the United States District Court for the Western District of Michigan. *Murphy v. Joboulian, et al.*, Case No. 1:15-cv-657. One of the defendant in that other case testified that he has boxes of the first page of the HCRs in his dental office at the Central Michigan Correctional Facility. Counsel Manville

2

days. Defendants took no steps to supplement this discovery response after July 1, 2015.

6. Plaintiffs' Counsel were surprised that Defendants' Counsel Govorchin admitted that he had MDOC start preserving the HCRs from July 1, 2015 to present.

7. However, what was more surprising was the admission of Counsel Govorchin that he had not supplemented the original denial of the preservation of HCRs as required by Fed.R.Civ.P. 26(e)(1)(A). *See Barlow v. Gen. Motors Corp. .,* 595 F.Supp.2d 929, 935–36 (S.D.Ind. 2009) (Fed.R.Civ.P. 26(e)(1)(A)-(B). Rule 26(e) "was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures."); *Edwards v. Nat'l Vision Inc.,* 946 F.Supp.2d 1153, 1159–60 (N.D.Al. 2013) (holding that identification of new evidence three months after close of discovery was incompatible with Rule 26(e)(1)(A)'s requirement that discovery responses be supplemented in a timely fashion).

8. Approximately three (3) months after he had directed the HCRs be preserved, Defendants' Counsel Govorchin admitted on the record at a deposition of Dentist Taylor that the HCRs did not exist. This denial at the deposition was made even though Counsel Govorchin had directed that the HCRs be retained 3 months earlier.

> Mr. Govorchin: **Like for instance, do copies of substantive kites exist, no**. Do a record of how many kites were entered exist, you know, it's yes.

*See* attached Exhibit 1, page 311, Taylor Deposition (bold emphasis added).

9.  In another case, Counsel in this matter obtained a grievance response stated the HCRs were required to be retained by policy.

> SUMMARY OF STEP II REASON FOR APPEAL: Grievant states that per PD 03.04.101 that the kite needs to be kept until treatment is completed. Grievant states he had not received treatment therefore the kite should still be available."
>
> SUMMARY OF STEP II INVESTIGATION: Per PD 03.04.101 the policy does state that the kite is kept however it is not kept in the chart. It is to be kept in an administrative file until the appointment has been completed."

Exhibit 2, at 2. The second-level grievance reviewer stated that the HCRs are retained until the dental care is completed. This statement is contrary to the discovery response by the Defendants. It must be remembered that this grievance response is dated in 2013 and the discovery response is dated in April 2015. This retention of HCRs was in existence from at least 2009 to present. The HCRs were kept in the dental offices in an administrative folder or boxes until dental care was completed and not discarded as claimed by the Defendants.

10. The motion to obtain the Dental Care Requests was filed on January 5, 2016, and sufficient time had passed between the filing of R. 130 and the status conference so that these HCRs should have been produced as supplemental

discovery responses, however, even though required by law to provide supplemental discovery responses, none were provided

11. At this conference, the present Plaintiffs were given seven (7) months to obtain additional plaintiffs that had exhausted the grievance process as required by the grievance policy of MDOC and by law.

12. Presently there existed approximately 40,000 prisoners confined with the Michigan Department of Corrections.

13. It is going to be extremely difficult to seek from a pool of 40,000 prisoners those prisoners who had requested dental care in the last year or two; to contact these prisoners to find out if they were placed on waiting lists; then to find out if they had exhausted the grievances process properly; then, if not properly exhausted, whether they can file a second grievance to properly exhaust; and then wait for 120 days, or more if extensions have been granted, to determine who had exhausted the grievance process,. PD 03.02.130, Paragraph S., eff. Date 07/09/07

14. The way to reduce the time needed to find prisoners that have sought dental care and were placed on waiting list is for the Court to order that Defendant provide Plaintiffs the HCRs preserved by the MDOC since approximately July 1, 2015 to April 15, 2016. Defendants should be ordered to produced these HCRs

within 15 days of the Court's order.[2] If this is done, Plaintiffs should be able to meet the seven (7) month time frame set by this Court.

15. In its Order, this Court should state that Defendants do not have to gather all the HCRs at their counsel's office before producing them. It should be ordered that as a set of HCRs comes in from each different prison that these be sent to Counsel Manville within 48 hours. In fact, Counsel Manville will drive to the office of Defendants' counsel to pick these documents up each day if necessary.

16. Defendants will not be unduly prejudiced by this Court granting this motion because Fed.R.Civ.P. 26(e)(1)(A)) obligated them to produce these documents and not place the burden on Plaintiffs to discover that the denial of the existence of HCRs was not accurate and that Defendants had failed to supplement this denial.

17. Plaintiffs are requesting that the briefing schedule as to this motion be expedited due to the seven (7) month time limit that they have to file an amended complaint. Defendants will not be unduly prejudiced by such an order due to four (4) attorneys being assigned to this case. Further, this motion is straightforward and should not require extensive legal research or writing.

---

[2] In the discovery request for the HCRs, Plaintiff had requested that the HCRs be provided on a disk in adobe format so that the documents would be searchable. This Court should order that the HCRs be produced on a disk in adobe format. Plaintiffs should not be charged a fee when there will be no use of a copying machine or printer to produce these documents in paper format.

18. Plaintiffs are requesting that if this Court deemed necessary that it suspend the time allowed for Defendants to file a written response and Plaintiffs filing a reply so that a telephonic conference call, or appearance at the Court, for argument of this motion due to exigent nature of this request.

WHEREFORE, the Plaintiffs respectfully request this Court to grant the motion for immediate consideration, to expedited the briefing schedule, and to grant the motion requiring production of the Health / Dental Care Request forms from the date of July 1, 2015 through April 15, 2016.

Respectfully submitted,

| | |
|---|---|
| /s Daniel E. Manville<br>Daniel E. Manville (P39731)<br>Director, Civil Rights Clinic<br>Co-Counsel for Plaintiff<br>Michigan State University College of Law<br>610 Abbot Road<br>East Lansing, MI. 48823<br>517-33913-9690 (office)<br>517-336-8089 (fax)<br>daniel.manville@law.msu.edu | Robert Gittleman Law Firm,<br><br><br><br><br>Robert Gittleman, (P 14025)<br>Tracie R. Gittleman, (P 45176)<br>Attorneys for Plaintiff<br>31731 Northwestern Highway,<br>Suite 101E<br>Farmington Hills, MI 48334<br>(248) 737-3600 |

PROOF OF SERVICE

I, Daniel E. Manville certify, under penalty of perjury, that on April 24, 2016, I caused a copy of the above document to be served by the ECF system on Defendants' counsel.

/s/ Daniel E. Manville