UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN BOWNES #172328, *et al.,*

    Plaintiffs,

v

HEIDI WASHINGTON, Director,
Michigan Department of Corrections, &
JONG CHOI, Dental Regional Director,
in their official capacities,

    Defendants.

NO. 2:14-cv-11691

HON. LAURIE J. MICHELSON

---

Daniel E. Manville (P39731)
Director, Civil Rights Clinic
Counsel for Plaintiffs
648 N. Shaw Lane
East Lansing, MI 48824
(517) 432-6866

Tracie Gittleman (P45176)
Robert Gittleman (P14025)
31731 Northwestern Hwy, Ste 101E
Farmington Hills, MI 48334

Michael R. Dean (P71333)
Sara E. Trudgeon (P82155)
Kristin M. Heyse (P64353)
Assistant Attorneys General
Attorneys for Defendants Heidi
Washington & Jong Choi, DDS
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

---

                                               /

## STIPULATED ORDER APPROVING SETTLEMENT NOTICE AND NOTICE PLAN

In accordance with the notice requirement imposed by Federal

Rule of Civil Procedure 23(e)(1) for the settlement of the

above-captioned case, Plaintiffs and Defendants jointly propose to rely

on the following plan for notifying class members of the Parties'

proposed Settlement Agreement:

1.     The MDOC will post notice of the Settlement Agreement in the form set forth in **Exhibit A (Notice of Settlement Agreement)** in each housing unit and law library in each of the 26 MDOC facilities, excluding the Detroit Detention Center.  The MDOC will post the above-described notice no later than seven days from the date the Court enters this order preliminarily approving the notice.  The notice will be posted for a period of 30 days.

2.     If, during the 30-day posting period, the notice posting is physically removed, inadvertently or otherwise, the MDOC will ensure that the notice is promptly reposted for the remainder of the period.

IT IS SO STIPULATED.

Dated: <u>October 10, 2023</u>          */s/Daniel E. Manville  (w/ consent)*
                                        Daniel E. Manville (P39731)
                                        Counsel for Plaintiffs

Dated: <u>October 10, 2023</u>          */s/ Sara E. Trudgeon*
                                        Sara E. Trudgeon (P82155)
                                        Counsel for Defendants

IT IS SO ORDERED.

Dated: October 12, 2023

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE

# Exhibit A (Notice of Settlement Agreement)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN BOWNES #172328, *et al.*,

    Plaintiffs,

NO. 2:14-cv-11691

v

HON. LAURIE J. MICHELSON

HEIDI WASHINGTON, Director,
Michigan Department of Corrections, &
JONG CHOI, Dental Regional Director,
in their official capacities,

    Defendants.

| | |
|---|---|
| Daniel E. Manville (P39731)<br>Director, Civil Rights Clinic<br>Counsel for Plaintiffs<br>648 N. Shaw Lane<br>East Lansing, MI 48824<br>(517) 432-6866<br><br>Tracie Gittleman (P45176)<br>Robert Gittleman (P14025)<br>31731 Northwestern Hwy, Ste 101E<br>Farmington Hills, MI 48334 | Michael R. Dean (P71333)<br>Sara E. Trudgeon (P82155)<br>Kristin M. Heyse (P64353)<br>Assistant Attorneys General<br>Attorneys for Defendants Heidi<br>Washington & Jong Choi, DDS<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055 |

/

## NOTICE OF PROPOSED CLASS SETTLEMENT

*This is a notice about a proposed settlement that will change how the Michigan Department of Corrections (MDOC) provides dental care to prisoners.* **If you are a prisoner who is scheduled for an intake dental screening or comprehensive exam or has requested dental care, this Settlement may affect your rights.**

This notice tells you about (1) the lawsuit; (2) who is impacted by the settlement; (3) the proposed settlement agreement; (4) how to object or comment on the agreement; and (5) how to get more information.

## I.      The Lawsuit

This case was first filed in 2014 by a prisoner who alleged that the dental care he received did not meet constitutional standards. Throughout the years of litigation, this case became a proposed class action against the Michigan Department of Corrections (MDOC) Director and MDOC Dental Director.  This case was certified as a class action in February 2019.  After further litigation, the remaining class claim alleged constitutional violations in the diagnosis and treatment of various stages of periodontal disease.

This lawsuit does not seek monetary damages.  Instead, the lawsuit asks the Court to order MDOC to ensure that those prisoners who are determined to be members of the class subject to this settlement agreement are provided certain dental services.

There is now a settlement agreement between the parties that provides that all class members are eligible to receive routine dental services after 12 months of continuous incarceration within the MDOC; will receive a Periodontal Screening and Recording (PSR) at dental intake, comprehensive, and periodic examinations; and will receive certain treatment of periodontitis depending on the stage of periodontitis present.  This is explained more thoroughly in the follow sections.

## II.     Who is Impacted by the Settlement?

Prisoners who will benefit from the settlement are called the "class members."

All current and future prisoners who are incarcerated within the MDOC are considered class members as any prisoner may receive an intake, comprehensive, or periodic dental examination and has a periodontal condition ranging from healthy gums to periodontitis.

2

### III.   The Proposed Agreement

In the settlement agreement, Plaintiffs and MDOC have agreed to the following key points:

1. Routine Dental Care Eligibility Period – Inmates will be eligible for routine dental services after 12 months of continuous incarceration within the MDOC from the first day of their dental intake examination.[1]

2. Diagnosis of Periodontal Disease – At intake, comprehensive, and periodic dental examinations, qualified dental staff will perform a Periodontal Screening and Recording (PSR).

    a. A comprehensive periodontal examination will be performed when the PSR indicates it should be performed.

    b. Appropriate charting for the PSR and comprehensive periodontal examination, as indicated, will be performed.

3. Treatment of Periodontitis – Treatment will be provided for periodontitis as follows:

    a. If at the intake exam it is determined that the inmate has Stage III or IV periodontitis, the inmate will receive a referral to the stabilization clinic for the appropriate treatment (e.g., scaling and root planning or extraction).

    b. If at the intake exam it is determined that the inmate has Stage I or II periodontitis, the inmate will receive appropriate treatment (e.g., scaling and root planning) pursuant to their treatment plan that will be prescribed at their first comprehensive examination.

---

[1] This provision applies to eligibility for routine dental care only; it does not guarantee that routine dental services will be provided within any specific timeframe.

   c. Qualified dental staff will be permitted to use local anesthesia during periodontitis treatment when necessary for pain control.

4. <u>Updates to Policy and Dental Service Manual</u> – Where applicable, the MDOC Dental Policy Directive and/or Dental Services Manual will be updated to reflect the relief provided in this agreement and will set out staging of periodontal disease in accordance with the American Dental Association standard.

5. <u>Reporting</u> – Every 180 days for a period of two years, MDOC will provide Plaintiffs' counsel with data to permit Plaintiffs' counsel to evaluate whether the material terms of the settlement agreement are being met.

6. <u>Attorney Fees</u> – MDOC will pay $600,000 in attorney's fees but not costs including dental expert fees, depositions, filing fees, and all other costs to litigate the case, thus all costs to litigate the case are paid by the attorneys out of this amount.

## IV. How to Object

If you do not agree with the proposed settlement agreement, you may object or comment on the agreement by writing a letter to the Court explaining your objection or comment and must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and state with specificity the grounds for the objection.

All objection letters should be addressed to "BOWNES v. WASHINGTON ET AL 2:14-cv-11691 OBJECTIONS" and be mailed to the United States District Court for the Eastern District of Michigan at the address below.

     Clerk's Office
     Theodore Levin U.S. Courthouse
     231 W. Lafayette Blvd., Room 599
     Detroit, MI 48226

These objections must be filed within 30 days of the date of this posting.

4

## V.    How to Gain Benefits

If you are a member of the class, you are entitled to receive benefits of the Agreement.  There is nothing further you need to do to receive benefits.

The Court will hold a hearing to consider final approval of the settlement agreement.  If the Court approves the settlement agreement, the MDOC will be required to begin implementation of the terms of the Settlement Agreement within 30 days of the Order approving the Agreement.  It is anticipated that the implementation of the Settlement Agreement will be completed within a total of 90 days of the Court's order approving the Settlement Agreement.